824 F.2d 980
 5 Fed. Cir. (T) 145
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DIVERSIFIED PRODUCTS CORP., Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
and
Weslo, Inc., Intervenor, Appellee
 Appeal No. 86-978.
 United States Court of Appeals, Federal Circuit.
 June 17, 1987.
 
 Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge,* and BISSELL, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from a final determination of the United States International Trade Commission (Commission) finding no violation of section 337 of the Tariff Act of 1930, 19 U.S.C. Sec. 1337 (section 337) on the ground that the patent in controversy, U.S. Patent No. 4,447,071 ('071 patent) is invalid under 35 U.S.C. Sec. 103. The final determination was the result of a Commission investigation initiated upon a complaint by Diversified Products Corporation (appellant) alleging unfair acts in the importation into the United States of certain convertible rowing exercisers which were asserted to infringe the '071 patent.[1] The Commission adopted all of the findings and all but one of the legal conclusions drawn in an initial determination of its Administrative Law Judge.[2] We affirm the determination of no violation.
 
 OPINION
 
 2
 The '071 patent, entitled "Convertible Rowing Exercising Apparatus," issued on October 16, 1984 from an application filed on March 14, 1984. The alleged invention was made in April 1982. It relates to a multipurpose exercise device, stably ground supported when the frame is in either a horizontal or vertical position. The device is thus usable alternatively as a conventional rowing machine with its frame horizontal, or as a weight-training type of exerciser with its frame reoriented into a vertical position.
 
 
 3
 Comprehensive findings were made as to the scope and content of the prior art, the ordinary skill in the art, and as to the differences between the prior art and the patent claims. The most pertinent prior art was a public use of an earlier rowing exerciser. This, the Beacon 3002, was a horizontal rowing exerciser which had incidentally been manufactured with legs so that it could be positioned as a vertically up-ended exerciser. The Commission concluded from corroborated testimony that at least once in 1980 the exerciser had been demonstrated upright at a sales presentation. Based on that evidence, it was concluded that the 1980 use of the upright Beacon 3002 constituted prior art.[3]
 
 
 4
 The Commission acknowledged that the Beacon 3002 rower lacked specific structural features recited in the claims of the '071 patent. The differences, however, were found to be "so slight that it would have been well within the abilities of a person of ordinary skill in the art to recognize and make." The Commission thereby concluded that the structure claimed in the '071 patent "is suggested by the prior art."
 
 
 5
 Appellant alleges error in the Commission's conclusion that a 1980 demonstration had occurred. The principal challenge is to the credibility accorded to testimony of one witness, Mr. Kucera, a wholesale buyer of home exercise equipment. Mr. Kucera testified that he had been present at a 1980 wholesale sales presentation where an upright Beacon 3002 was demonstrated. At this presentation, vertically oriented exercises were performed on the Beacon 3002 for Mr. Kucera. Although Mr. Kucera's testimony was deemed the "only corroborated demonstration of the 3002 rower in an upright position," it was found to substantiate other, less reliable, evidence. Relying upon the cumulative evidence, the Commission found support upon which to base a conclusion of a 1980 public use of the upended Beacon 3002. Appellant asserts that other evidence, including testimony of another witness, Eugene Weiss, contradicts the Commission's conclusion. That evidence, however, does not show that the Commission's findings are not supported by substantial evidence.
 
 
 6
 Deference in determining the weight and credibility of the evidence should be accorded to the trier of fact, Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 856 (1982). When the fact finder has had the opportunity to observe the demeanor and judge the credibility of witnesses, we may not substitute our judgment for that of the lower tribunal. Cf. Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 573 (1985). A determination will not be disturbed unless it is inherently improbable or discredited by undisputed fact or physical evidence. When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. This is so even when the findings rest on physical or documentary evidence or inferences from other facts. Anderson, 470 U.S. at 574.
 
 
 7
 Considering all of the arguments regarding witness credibility and inconsistencies in the evidence, we conclude that the Commission conducted an appropriate weighing of the evidence and reached a result which is not inherently improbable or discredited. Therefore, we will not disturb the Commission's findings as to weight and credibility of the evidence.
 
 
 8
 We further reject appellant's contention that a lack of functional identity or commercial success of the upright Beacon 3002 undermines consideration of the 1980 demonstration toward obviousness. The Beacon 3002 had the demonstrated ability to perform a range of exercises in an upright position and such demonstration rendered obvious the '071 patent claims. A lack of commercial success ultimately obtained by the prior art does not preclude a teaching.
 
 
 9
 Finally, we disagree with the contention that the Commission did not give appropriate weight to its findings on commercial success of the '071 patent in making its obviousness determination. Such secondary considerations were allegedly relegated to a mere "gap-filling" role, an afterthought to the primary obviousness determination. To the contrary, the Commission's determination reflects an adequate consideration of commercial success and other secondary considerations.
 
 
 
 *
 The Honorable Phillip B. Baldwin assumed Senior Circuit Judge status effective November 25, 1986
 
 
 [1]
 Certain Convertible Rowing Exercisers, Inv. No. 337-TA-212, USITC Pub. No. ---- (December 1985) (Commission Action and Order)
 
 
 [2]
 On October 18, 1985, an initial determination of no violation of section 337 was made on the basis that the '071 patent is invalid under 35 U.S.C. Secs. 102 and 103
 The Commission reversed the initial determination on a single, non-determinative issue: invalidity under section 102. All other factual findings and conclusions of law in the initial determination, including section 103 invalidity, were adopted, rendering them reviewable as part of the Commission's final determination. 19 C.F.R. Sec. 210.53(h) (1985). See Akzo N.V. v. U.S. Int'l Trade Commission, 808 F.2d 1471, 1476, 231 USPQ 1241, 1243 (Fed.Cir.1986).
 
 
 [3]
 It is uncontested that the 1980 demonstration would have been more than one year prior to the date of the alleged invention, April 1982